JUDGE CASEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THOMAS DeCASTRO and CRAIG A. TAYLOR,

                Plaintiffs,

06 CV 15193

Case No.: _____

**SUMMONS**

-against-

IVG ENERGY, LTD.,

                Defendant.

------------------------------------------------------------X

TO:    IVG Energy, Ltd.
        20 East Greenway Plaza, Suite 400
        Houston, TX 77046

      **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs' attorney, THOMAS M. MULLANEY, ESQ., whose address is 708 Third Avenue, Suite 2500, New York, New York, 10017, an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

### J. MICHAEL McMAHON
_____
Clerk

*signature: Marios Quintero*
_____
(By) Deputy Clerk

DEC 1 5 2006
_____
Date

1

LAW OFFICES OF THOMAS M. MULLANEY
THOMAS M. MULLANEY
708 Third Avenue, Suite 2500
New York, New York, 10017
Tel. (212) 223-0800
Fax: (212) 661-9860
Attorneys for Plaintiffs
Thomas DeCastro and Craig A. Taylor

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

THOMAS DeCASTRO and CRAIG A. TAYLOR,

                Plaintiff,

    -against-

IVG ENERGY, LTD.,

                Defendant.

-----------------------------------------------------------X

JUDGE CASEY

06 CV 15193

Case No.: _____

**JURY TRIAL DEMANDED**

RECEIVED DEC 15 2006 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT AND JURY DEMAND

    Plaintiffs Thomas DeCastro and Craig A. Taylor ("Plaintiffs"), by their attorneys, the Law Offices of Thomas M. Mullaney, as and for their complaint against defendant IVG Energy, Ltd. ("IVG"), allege as follows:

### JURISDICTION AND VENUE

    1.    This Court is vested with original jurisdiction over the claims herein pursuant to Title 28, United States Code, Section 1332, in that this is a civil action wherein the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and is between citizens of a state and citizens or subjects of a foreign state.

    2.    Venue is proper in this District pursuant to Title 28, United States Code, Sections 1391(a) in that a substantial part of the events or omissions giving rise to the claims alleged

herein occurred within this District, and one or more defendants is subject to personal jurisdiction in this District.

## PARTIES

3. Plaintiffs are residents of the County of New York, State of New York.

4. Upon information and belief, at all relevant times herein, defendant IVG is a limited partnership under the laws of the State of Texas, with its principal place of business located at 20 East Greenway Plaza, Suite 400, Houston, Texas 77046.

## FACTS

5. In or about September of 2006, Plaintiffs and Defendant IVG began negotiations to form a joint venture for the brokerage of options traded on the New York Mercantile Exchange ("NYMEX").

6. The entity, to be entitled IVG Options, was to be operated exclusively by D&T Partners, a New York partnership to be formed by Plaintiffs DeCastro and Taylor.

7. The joint venture was to have a place of business in New York City. Plaintiffs are both long-time residents of New York City and their individual brokerage business of NYMEX products was heavily concentrated in the New York City area.

8. IVG was and is located in Houston, Texas, and was interested in entering the field of brokering NYMEX options, in which it had little presence and Plaintiffs were heavily focused.

9. Plaintiffs were to contribute 35% of the profits from their customer relationships to the joint venture after a minimum draw was paid to plaintiffs. In return, IVG would contribute cash to the joint venture for operations and infrastructure. Plaintiffs were leaving their previous place of employment, and would be reliant on IVG to provide necessary infrastructure.

10. Although a joint venture agreement was never executed, Plaintiffs began using IVG's pre-existing trading back office to process their customers' transactions in October 2006. As a consequence, Plaintiffs' customers' most recent statements call for payment of Plaintiffs' brokerage commission to be made to IVG.

11. In addition, IVG now has access to Plaintiffs most valuable asset, its customer list.

12. Although IVG did pay Plaintiffs their draw for October through December, it did not obtain any of the computer, telecommunications or office equipment necessary to operate a financial products brokerage business. Plaintiffs operated the *de facto* joint venture with their personal equipment, and purchased office furniture with personal funds.

13. Some two months after IVG gained access to Plaintiffs customers, it summarily informed them on December 7 that they would be required to relocate to Houston, Texas by January 1, 2007. When Plaintiffs rejected this plainly pretextual demand to relocate some 2,000 miles away on three weeks notice over the holiday season, IVG closed Plaintiffs out of the IVG trading system and expelled them from the joint venture office in New York City with no notice at all.

14. IVG prevented Plaintiffs from servicing their customers, which is true to date, and did not allow them any time at all to warn their customers of a communication and service interruption.

15. Simply put, IVG attempted to steal Plaintiffs' customers and destroy their livelihood, while helping itself to $117,000 in commission due Plaintiffs to add insult to injury.

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANT IVG

### Promissory Estoppel

16. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 15 inclusive, with the same force and effect as though more fully set forth at length herein.

17. Defendant IVG clearly and unambiguously promised to support Plaintiffs in a New York office pursuant to the nascent joint venture.

18. Defendant IVG knew or should have known that Plaintiffs would rely upon their representations, and Plaintiffs, to their detriment, did so rely.

19. Defendant IVG has refused to honor its promises and representations.

20. By reason of the foregoing, Plaintiffs have suffered money damages in an amount to be determined at trial, but not less than $117,000.00.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANT IVG

### Unjust Enrichment

21. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 inclusive, with the same force and effect as though more fully set forth at length herein.

22. Defendant IVG has benefited and been enriched by Plaintiffs' work in providing NYMEX options brokerage services for it.

23. Defendant IVG has failed to compensate Plaintiffs in full for the benefits it has received.

24. This failure of payment has been to Plaintiffs' detriment.

5

25. By reason of the foregoing, Plaintiffs are entitled to judgment against defendant IVG in an amount equal to the value of all benefits wrongfully and unjustly received by them, together with interest.

26. Plaintiffs have no adequate remedy at law.

### THIRD CAUSE OF ACTION
### AGAINST DEFENDANT IVG
### Breach of Fiduciary Duty

27. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 inclusive, with the same force and effect as though more fully set forth at length herein.

28. Based on the joint relationship between Plaintiffs and IVG, a fiduciary relationship existed between them.

29. Defendant IVG owed Plaintiffs a fiduciary duty, including the highest obligations of good faith, fairness, and loyalty.

30. This duty required IVG to handle Plaintiffs' customers and commissions as it would its own.

31. Defendant IVG breached that duty by converting Plaintiffs' customers and funds for its own use.

32. By reason of the foregoing, Plaintiffs have suffered money damages in an amount to be determined at trial, but not less than $117,000.

33. In light of the willful and egregious conduct by Defendants, Plaintiffs are entitled to punitive damages in an amount to be determined at trial, but which Plaintiffs believe to be in excess of $1 million.

## FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT IVG
## Misappropriation of Confidential Information

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 inclusive, with the same force and effect as though more fully set forth at length herein.

35. Plaintiffs' customer list and fee structure was confidential information and/or a trade secret that they did not share with their competitors or the public-at-large.

36. Defendant IVG, by improper means, fraudulently induced Plaintiffs to disclose this confidential information to it by representing that it would direct additional customer business to Plaintiffs, pay them due brokerage commissions, and pay for the infrastructure of an office to be located in New York City.

37. Defendant IVG was not otherwise entitled to have such confidential information and/or documentation.

38. Defendant IVG wrongfully and unlawfully misappropriated such confidential information and documentation for its own benefit and advantage and to the detriment of Plaintiffs.

39. Defendant IVG intentionally committed the foregoing wrongful and unlawful act without any excuse or justification that is legally recognizable as such.

40. By reason of the foregoing, Plaintiffs have suffered money damages in an amount to be determined at trial, but not less than $117,000.

41. In light of the willful and egregious conduct by Defendant, Plaintiffs are entitled to punitive damages in an amount to be determined at trial, but which Plaintiffs believe to be in excess of $1 million.

7

## FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT IVG

### Intentional Interference With Business Relations and Economic Advantage

42. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 41 inclusive, with the same force and effect as though more fully set forth at length herein.

43. Plaintiffs had a previously existing business relationship with its NYMEX option brokerage customers.

44. At all relevant times, defendant IVG knew of the relationship between Plaintiffs and their customers.

45. Defendant IVG knowingly and intentionally interfered with Plaintiffs' customer relationships by wrongful means and/or with malice.

46. By reason of the foregoing, Plaintiffs' relationships with its customers have been harmed.

47. By reason of the foregoing, Plaintiffs have suffered money damages in an amount to be determined at trial, but not less than $117,000.00, as of December 15, 2006.

48. In light of the willful and egregious conduct by Defendant, Plaintiffs are entitled to punitive damages in an amount to be determined at trial, but which Plaintiffs believe to be in excess of $1 million.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs Thomas DeCastro and Craig A. Taylor demand Judgment as follows:

A.  As to the First, Second, Third, Fourth and Fifth Causes of Action, awarding Plaintiffs compensatory damages against defendant IVG, including interest thereon, in an amount to be determined at trial, but not less than $117,000.00;

B.  As to the Third, Fourth and Fifth Causes of Action, awarding Plaintiffs punitive damages against defendant IVG, including interest thereon, in an amount to be determined at trial, but not less than $1,000,000.00

C.  As to all Causes of Action, awarding Plaintiffs their costs, legal expenses, and reasonable attorneys' fees incurred in connection with this action; and

D.  As to all Causes of Action, awarding Plaintiffs such other and further damages or other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
       December 15, 2006

                                       Respectfully submitted,

                                       LAW OFFICES OF THOMAS M. MULLANEY

                                       By: _____
                                       Thomas M. Mullaney (TM-4274)
                                       708 Third Avenue, Suite 2500
                                       New York, New York 10017
                                       (212) 223-0800
                                       Attorneys for Plaintiffs
                                       Thomas DeCastro and Craig A. Taylor